(No. 73AP-109—Decided August 28, 1973.)

Mr. *George C. Smith,* prosecuting attorney, and Mr. *Miles C. Durfey,* for appellee.
Mr. *J. Michael McGinley,* for appellant.

Strausbaugh, J. This is an appeal from a conviction of defendant in the Common Pleas Court of Franklin County, for assault with a dangerous weapon (R. C. 2901.241), illegal possession for sale of a narcotic drug (R. C. 3719.20 [A]), and conspiracy to possess a narcotic drug (R. C. 3719.20 [H]).

The record indicates that at about 2:15 a. m., on March 19, 1971, under the authority of a search warrant, members

of the Columbus Police Department raided the garage apartment at 1739 Franklin Park South in Columbus, Ohio. Officer Pennington and Detectives Wasem and Nash went to the front door of the apartment while other officers went to the rear. The evidence indicates further that Detective Wasem knocked on the door, announced that they were police officers and that they had a search warrant. There was testimony that, at this time, the officers heard voices and movement inside. After a few seconds Detective Wasem attempted to force the door open by hitting it, at which time a sound similar to a gun shot was heard. Detective Wasem hit the door again, forcing it open. The three officers found Benny Danner, Rita Lambert, Gypsy Brown and Melvin Daniels, the defendant, inside the apartment kitchen. There was testimony that there was a revolver on the kitchen floor. There was further evidence that several glassine bags containing powder and a package of cigarettes partially filled with powder were found on the kitchen table. The powder was stipulated to be a narcotic. The defendant had over $100 in his possession, and Danner had $1,647 and Roger Brown had over $200 in his possession.

A jury was waived and, at the close of the state's case, the court to whom the case was tried sustained defendant's motion to dismiss the charge of possession of narcotics. At the close of the trial the court rendered a verdict of guilty upon the three remaining charges, from which judgment this appeal is taken.

Defendant's first assignment of error is:

"The court erred in admitting the testimony of officer James Cottrell on the trace metal detection technique."

The record indicates that, at the beginning of Sgt. Cottrell's testimony, the defense agreed to "stipulate the officer's qualifications." Later, the defense stated that the stipulation related only to the officer as a ballistics expert but not on this particular test. The court then permitted a demonstration of the trace metal detection technique, commonly referred to as TMDT which the witness testified had been developed about seven years before by the federal government, consisting "of the fact that once a metal object is made, it immediately starts to decay in microsopic

quantity and the ions of the metal that decays from the object will be deposited on whatever material or the skin of a person holding the object or whatever the object's laying against.''

We find that the court committed no error in admitting the testimony of officer Cottrell in his testimony and demonstration of the test. The judge, as trier of the facts, was permitted in his consideration of the case to give the testimony of the expert such weight as his skill, experience, knowledge and veracity entitles it to receive. Officer Cottrell testified that his rifling test revealed that from the TMDT test of the four persons in the apartment he found that on the defendant's right hand there was a characteristic pattern of a revolver shown, whereas on the other three people the test was negative. Defendant's first assignment of error is overruled.

Defendant's second assignment of error is:

''The verdict of the court is not sustained by sufficient evidence and is contrary to law.''

A review of the transcript in this case reveals that there was evidence whereby the trier of the facts, in this case the court, could find the defendant guilty of the three offenses with which the defendant was charged. There was evidence that there was a large quantity of narcotics in open view on the kitchen table; that there were glassine bags, some of which were partially filled, indicating to one of the police officers who testified that the four persons present in the kitchen at the time were in the process of preparing the narcotics for sale; that there was a large sum of money in the possession of three of the four occupants of the room; that a revolver was found on the floor of the kitchen which had been recently discharged; that the defendant's hand indicated it had recently held a revolver, while the other three occupants revealed in the same test that their hands had not so touched a revolver recently. Defendant's second assignment of error is overruled and the convictions are affirmed.

*Judgment affirmed.*

HOLMES and REILLY, JJ., concur.